IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BENJAMIN OLIVER                                                                    PETITIONER
ADC # 118640

VS.                    CASE NO. 4:20-CV-00117-BSM-JTK

DEXTER PAYNE, Director
Arkansas Department of Correction                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

Introduction

Pending before the Court is the Petition for Writ of Habeas Corpus, (DE # 2) filed by Petitioner, Benjamin Oliver, an inmate in the Arkansas Department of Correction (ADC). For the reasons outlined below, the undersigned recommends the petition be denied and the case dismissed with prejudice.

Petitioner was found guilty of first-degree murder by a Pulaski County Circuit Court jury. He was sentenced as a habitual offender to sixty (60) years' imprisonment and the sentence was to run consecutively to his previous sentences of ten (10) years for first-degree battery and six (6) years for theft by receiving. (DE # 6-2 pp. 40-42) Petitioner directly appealed his convictions to the Arkansas Court of Appeals. His appeal centered on the trial court's denial of his pretrial motion to suppress his confession pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964). Petitioner argued

on appeal that the trial court erred in conducting the *Denno* hearing[1] because it did not require the prosecution to call a detective who was present at his interrogation. *Oliver v. State*, 77 Ark. App. 202 (2002) (*Oliver I*). The Arkansas Court of Appeals reversed and issued a limited remand holding the trial court should order a new trial in the event that it suppressed Petitioner's confession after a new *Denno* hearing. However, if after the new hearing his confession was not suppressed, then a new trial was not required. *Id.* at 205. On remand, the trial court held a new *Denno* hearing, but again rejected the Petitioner's argument that his confession was coerced. On December 10, 2003, the Arkansas Court of Appeals affirmed the decision. *Oliver v. State*, 2003 WL 22962175 (Ark. App. Dec. 10, 2003) (*Oliver II*). The mandate issued on December 30, 2003, and the Petitioner did not seek review of *Oliver II* to the Arkansas Supreme Court, despite his contention to the contrary. (DE # 6-9 pp. 7-8)

In October of 2005, Petitioner began filing a series of petitions for postconviction relief, including: a state habeas corpus petition, Rule 37 petition, Motion to Correct an Illegal Sentence, and a Petition to Correct an Illegal Sentence (DE # 6-5 pp. 27-28) All such relief was denied. *Id.* at 27-29. In 2013, Petitioner filed another state habeas petition in Lee County, Arkansas, where he was incarcerated. The circuit court denied the petition, and Petitioner filed an untimely appeal to the Arkansas Supreme Court. The court held Petitioner did not establish good cause for failing to file a timely notice of appeal and affirmed the trial court's denial of the petition. *See Oliver v. Hobbs*, 2014 Ark. 339 (2014).

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on February 4, 2020. (DE # 2) Respondent filed a Response to the petition on February 28, 2020. (DE # 6)

---

[1] A Jackson-Denno hearing derived from the United States Supreme Court case *Jackson v. Denno* 378 U.S. 368 (1964), and refers to a court proceeding to determine if a Defendant's confession was voluntary or involuntary.

Respondent denies he is entitled to habeas corpus relief, submitting the claim is time-barred. This Court agrees.

## Discussion

1.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year time limitation for a state prisoner to file a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009). The year runs from the latest of four specified dates." *Id.* (citing 28 U.S.C. § 2244(d)(1)). The date relevant here is "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* (citing 28 U.S.C. § 2244(d)(1)(A)). Arkansas Supreme Court Rule 2-4(a) states that the time for seeking discretionary review expires eighteen (18) days after the Arkansas Court of Appeals issues its decision. Here, the Arkansas Court of Appeals affirmed Petitioner's convictions on December 10, 2003; therefore, he had until Monday, December 29, 2003, to seek review by the Arkansas Supreme Court.[2] From there, Petitioner was required to file his federal habeas petition by December 29, 2004. Petitioner, however, did not file the current petition until February 4, 2020, over fifteen (15) years after the filing date had passed. Therefore, the federal petition for writ of habeas corpus is time barred unless statutory or equitable tolling applies.

The habeas statute, 28 U.S.C. § 2244(d)(2), provides for tolling while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," however, section 2244(d)(2) does not offer any relief to Petitioner. The AEDPA's one-year statute of limitations had already run when the Petitioner began filing his series of postconviction petitions and motions in 2005; therefore, the filings did not toll the statute

---

[2] Because the eighteenth day fell on Sunday, December 28, 2003, the time for filing such action is extended to the next business day. *See* Ark. R. App. P. Crim. 17.

4

of limitations under 28 U.S.C. § 2244(d)(2). Nor is there any reason to believe that equitable tolling would be appropriate. The United States Supreme Court held in *Pace v. DiGuglielmo* that a petitioner is entitled to equitable tolling only if he can prove: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented timely filing. 544 U.S. 408, 418 (2005). Petitioner brought the current action fifteen (15) years after the limitations period had expired, and Petitioner has not presented any extraordinary circumstances beyond his control that made it impossible to file his petition on time. Accordingly, the Court finds that Petitioner's petition is time-barred.

2. <u>Actual Innocence – Equitable Exception to AEDPA</u>

Petitioner argues that he is entitled to the equitable exception of actual innocence set out in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In *Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to have his otherwise untimely petition considered. *Id.* at 386. The Court, however, cautioned "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court, that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Furthermore, the Court held that a petitioner's diligence in proffering new evidence as well as the "likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [for actual innocence]." *Id.* at 399 (citing *Schlup*, 513 U.S. at 332). In conclusion, the Supreme Court held in *Perkins* that "[t]he gateway should only open when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial.'" *Id.* at 401 (quoting *Schlup*, 513 U.S. at 332).

Here, the Petitioner argues he is entitled to the actual innocence exception in *Perkins* and attached an arrest warrant dated January 15, 2004, in support of his claim. (DE # 2 p. 12) Petitioner argues the arrest warrant is evidence he is innocent of first-degree murder because he was incarcerated in the Arkansas Department of Correction on January 21, 2004, the date he was served with the warrant. While, the Petitioner is correct that he was incarcerated at the time he was served the attached warrant, in 2004, that fact has no bearing on his guilt or innocence of a murder that occurred in 1999. The warrant in question issued after the appellate mandate issued in *Oliver II*.[3] Petitioner's argument that the 2004 arrest warrant satisfies the exception set out in *Perkins*, is completely without merit. Therefore, the Petitioner has not set forth new evidence of actual innocence sufficient to excuse the untimeliness of his petition, and it should be dismissed with prejudice.

## **Certificate of Appealability**

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

---

[3] In his response, the Respondent explained why an arrest warrant was issued after Petitioner's conviction for first-degree murder was affirmed on appeal. The mandate for *Oliver II* stated "[i]t is also ordered that the appellant shall immediately surrender to the Sheriff of Pulaski County. If the surrender is not immediate, his bond is declared forfeited and a warrant shall issue for appellant's arrest." (DE # 6-11 p. 3) A copy of the mandate was mailed to the Pulaski County Circuit Clerk, and subsequently, in accordance with the mandate, the Sheriff of Pulaski County, Arkansas issued an arrest warrant and served it on the Petitioner in the ADC. *See* (DE # 6 p. 6)

## **Conclusion**

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 30th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE